UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL JENKINS,

      Petitioner,                      Civil No. 21-cv-12960
                                        Hon. Matthew F. Leitman

v.

MICHAEL BURGESS,

      Respondent.

_____/

## ORDER (1) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING MOTION FOR TEMPORARY INJUNCTION (ECF No. 7), (3) VACATING ORDER TO SHOW CAUSE (ECF No. 5), (4) DENYING A CERTIFICATE OF APPEALABILITY, AND (5) GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Nathaniel Jenkins is a state inmate in the custody of the Michigan Department of Corrections.  In 1986, Jenkins pleaded guilty in the Genesee County Circuit Court to two counts of assault with intent to commit murder and two counts of felony firearm.  The state trial court then sentenced Jenkins as a habitual offender to concurrent terms of 30-to-60 years imprisonment and 25-to-50 years imprisonment on the assault convictions and concurrent terms of two years imprisonment on the felony firearm convictions to be served consecutively to the other sentences.

1

More than thirty-five years later, on December 14, 2021, Jenkins filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.)  In the petition, Jenkins seeks relief from his convictions based on a lack of a competency hearing before trial, the validity of the state trial court's return and commitment order, the impartiality of the state court judges, and the effectiveness of trial counsel. (*See id.*)

On January 26, 2022, the Court ordered Jenkins to show cause why his habeas petition should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions (the "Show Cause Order").  (*See* Show Cause Order, ECF No. 5.)  Jenkins responded to the Show Cause Order by filing both a written response (*see* Resp., ECF No. 8) and a motion for a temporary restraining order (*see* Mot., ECF No. 7).  In these filings, Jenkins argues, among other things, that he is entitled to statutory and/or equitable tolling of the one-year limitations period due to prison conditions and his physical and mental health. (*See id.*)

The Court has carefully reviewed all of Jenkins' filings and, for the reasons explained below, it concludes that he is not entitled to federal habeas relief because his petition is untimely.  The Court therefore **VACATES** the Show Cause Order, **DENIES** Jenkins' motion for a temporary restraining order as moot, and **DISMISSES** his petition for a writ of habeas corpus.

**I**

The record before the Court is incomplete.  From the best the Court can discern, the Genesee County Circuit Court sentenced Jenkins in 1986 pursuant to the plea described above.  It is unclear, and unknown to the Court, whether Jenkins pursued or completed a direct appeal of his convictions.

In December 2019 and early 2020, Jenkins filed (1) a motion for new trial and a delayed motion for new trial, (2) a motion to withdraw his pleam and (3) related collateral review motions in the state trial court.  That court denied the motions in August 2020 and October 2020 respectively. (*See* Genesee Co. Cir. Ct. Dkt., Case Nos. 86-036575, 86-036576; ECF No. 1, PageID.6.)  Jenkins then filed a delayed application for leave to appeal those rulings with the Michigan Court of Appeals. That court denied the application on February 25, 2021. *See People v. Jenkins*, No. 355493 (Mich. Ct. App. Feb. 25, 2021).  Jenkins has not clearly indicated whether he filed a timely application for leave to appeal with the Michigan Supreme Court, but it appears that he did not do so (s*ee* ECF No. 8-1, PageID.348), and the state court records reveal no such filing.  *See People v. Jenkins*, No. 355493, Mich. Ct. App. Dkt.,  courts.michigan.gov/c/courts/coa/case/355493  (accessed  on  April  11, 2022).

Jenkins filed his federal habeas petition in this Court on December 14, 2021. (*See* Pet., ECF No. 1.)

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. AEDPA provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period generally must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late).

### III

### A

A preliminary question in this case is whether Jenkins has complied with AEDPA's one-year statute of limitations. District courts are permitted to consider *sua sponte* the timeliness of a state prisoner's federal habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006). The Court concludes that Jenkins has not.

Jenkins' 1986 convictions became final before the AEDPA's April 24, 1996, effective date. Prisoners whose convictions became final before that date were given a one-year grace period in which to file their federal habeas petitions. *See Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (explaining that "Because [petitioner's] conviction became final before AEDPA was enacted, he had a one-year grace period, lasting until April 24, 1997, in which to file his habeas petition). Accordingly, Jenkins was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or state collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

It does not appear from the record before the Court that Jenkins had any applications for state post-conviction or state collateral review pending during the one-year period between AEDPA's enactment and the expiration of the one-year grace period. Indeed, the record indicates that Jenkins did not seek that relief in the state courts until 2019 and 2020 – 22 years after the grace period expired. And those 2019 and 2020 filings could not have tolled AEDPA's limitations period because the one-year statute of limitations had already long expired by the time those motions were filed. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). *See also Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (explaining that AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings). Because Jenkins did not file his federal habeas petition until December 14, 2021 – more than 24 years after the one-year grace period expired – his petition is untimely and must be dismissed.

## B

Jenkins responds that AEDPA's statute of limitations should be tolled here because the State created an impediment to the filing of his habeas petition. *See* 28 U.S.C. 2244(d)(1)(B). More specifically, Jenkins claims that the State made it impossible for him to file for post-conviction relief by holding him in segregation for periods of years throughout his incarceration without access to the law library,

6

by failing to properly treat various physical and mental health conditions from 1986 through the present, such as paranoia, anxiety, depression, tuberculosis, hepatitis A and C, and pain, by confiscating his unidentified "property and legal property" on several occasions between 1992 and 2016, and by denying him copies to respond to the Court's Show Cause Order. (*See* Jenkins Resp. to Show Cause Order, ECF No. 8, PageID.149-151.)   The Court disagrees that Jenkins is entitled to a tolling of AEDPA's one-year statute of limitations on any of these grounds.

First, typical conditions of prison life, such as placement in segregation, generally do not constitute an unconstitutional state-created impediment for purposes of AEDPA.   *See, e.g., Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library does not constitute a state impediment); *United States v. Stone*, 68 F. App'x 563 (6th Cir. 2003) (transfer from federal prison to state jail for court appearance resulting in lack of access to personal property and legal materials was not unconstitutional and did not constitute an impediment nor warrant tolling); *Galloway v. Horton*, 2019 WL 1953305, at *2 (6th Cir. Jan. 25, 2019) (rejecting a prisoner's claim that a lack of legal resources constituted a state-created impediment and recognizing that a prisoner's "general statements regarding his inability to conduct legal research, without more, are insufficient to demonstrate that he was in a different position than most inmates who lack formal legal training").

Likewise, a prisoner's mental health treatment, or lack thereof, typically does not constitute a state-created impediment within the meaning of AEDPA. *See United States ex rel. Flowers v. Gaetz*, 2010 WL 529443, at *7 (N.D. Ill. Feb. 10, 2010) ("Petitioner cites no authority that supports his theory that state-rendered mental health treatment could constitute a state impediment under § 2244(d)(1)(B), and this court is not aware of any precedent supporting such an argument."). *See also Jenkins v. Burgess*, Case No. 21-cv-01073, ECF No. 14, PageID.362-364 (W.D. Mich. March 7, 2022) (rejecting Jenkins' similar state-impediment arguments and dismissing equally-late habeas petition as untimely).

Finally, Jenkins has not shown that the alleged confiscation of his "legal property" entitles him to relief.  For purposes of Section 2244(d)(1)(B), a petitioner must generally demonstrate that the claimed impediment actually prevented him from filing a timely petition of a known claim. *See Wood v. Spencer*, 487 F.3d 1, 7-8 (1st Cir. 2007).  Jenkins has not done so here.  While he claims that prison officials confiscated his "legal property" on several occasions between 1992 and 2016, he has failed to explain with any specificity what materials were taken and/or why they were necessary for him to file his federal habeas petition.  More specifically, Jenkins has not shown that prison officials intentionally denied him access to legal materials that were necessary for him to file his federal habeas petition or that they otherwise interfered with his ability to timely file a federal habeas petition during the grace

8

period from April 24, 1996, to April 24, 1997.

Jenkins' claim that a state-created impediment prevented him from timely seeking habeas relief is also belied by the fact that he filed numerous civil rights actions throughout his time in prison – including during the relevant period from 1996 to the present. *See Jenkins v. Burgess*, 2022 WL 167689, at *3 (W.D. Mich. Jan. 19, 2022) (magistrate judge's opinion noting Jenkins' extensive history of federal litigation and finding his habeas petition challenging 1986 Ionia County Circuit Court convictions to be untimely); *Jenkins v. Sherry*, 2022 WL 263211, at *2 (W.D. Mich. Jan. 28, 2022) (citing Jenkins' past cases when denying Jenkins leave to proceed in *forma pauperis* in a civil rights case); *Jenkins v. Munson Healthcare Manistee Hosp.*, Case No. 1:21-cv-388 (W.D. Mich. June 23, 2021) (same). Moreover, while Jenkins contends that these state impediments are ongoing, he was nonetheless able to institute this habeas action, as well as a recent habeas action in the United States District Court for the Western District of Michigan.

For all of these reasons, Jenkins has not shown that a state-created impediment prevented him from timely filing the petition.

## C

Jenkins next argues that he is entitled to equitable tolling of AEDPA's statute of limitations. The Court again disagrees.

AEDPA's one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  A habeas petitioner is entitled to equitable tolling if "he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010).  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Jenkins asserts that he is entitled to equitable tolling of the one-year period due to his confinement in segregation for several years without access to the law library, his physical ailments and mental health problems, his lack of education, daily racial indignation, and his exposure to COVID-19 during the pandemic. (*See* Jenkins Resp. to Show Cause Order, ECF No. 8, PageID.152-154.)  None of these circumstances warrant equitable tolling.

First, Jenkins has not shown that his confinement in segregation and/or limited access to the law library or legal materials is sufficient to warrant equitable tolling here. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011)

10

(rejecting petitioner's argument that he was entitled to equitable tolling due to lack of access to transcripts, as well as his *pro se* status and limited law library access); *McMurray v. Smith*, 2015 WL 6618823, at ** 5-6 (W.D. Mich. Oct. 30, 2015) (adopting magistrate judge's report and recommendation, citing cases, and holding that petitioner in administrative segregation without access to legal materials or assistance was not entitled to equitable tolling).[1]  Moreover, general allegations regarding access to a law library or legal materials are typically not the kinds of exceptional circumstances that warrant equitable tolling, especially where, as here, a petitioner has not explained or presented evidence to show why his circumstances prevented him from timely filing a habeas petition or how he attempted to diligently pursue his claims. *See Andrews v. United States*, 2017 WL 6376401, at *2 (6th Cir. 2017) (denying a certificate of appealability for ruling dismissing habeas petition on statute of limitations grounds and rejecting petitioner's argument that he was entitled to equitable tolling where petitioner "did [not] explain" how being placed in segregation without his legal materials for a period of time prevented him from filing his federal habeas petition); *United States v. West*, 2022 WL 44670, at ** 3-4 (N.D.

---

[1] *See also United States v. Cherry*, 2010 WL 3958679, at *2 (E.D. Mich. Oct. 8, 2010) (citing cases and holding that lack of access to personal legal materials during prison lockdowns, transfers, and segregation are not extraordinary circumstances that warrant equitable tolling); *Grayson v. Grayson*, 185 F.Supp.2d 747, 751 (E.D. Mich. 2002) (holding denial of access to legal materials is not an exceptional circumstance warranting equitable tolling).

Ohio Jan. 5, 2022) (citing cases and holding that petitioner was not entitled to equitable tolling where he only made general allegation about pandemic-related lockdown and lack of law library access and failed to show that he acted diligently during the one-year period); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (holding that equitable tolling was not warranted where petitioner alleged that he was denied access to the law library and legal records but failed to show "how his inability to obtain legal materials thwarted his efforts" to timely file his petition).

In this case, Jenkins has failed to allege sufficient facts to establish that his placement in segregation at various times during his incarceration prevented him from timely filing his habeas petition during the one-year grace period. Nor has he alleged sufficient facts to show that he acted diligently in pursuing his rights during the relevant time period.  Indeed, Jenkins seemingly did not pursue or complete a direct appeal of his convictions in the 1980s, did not seek collateral review of his convictions in the state courts until 2019, apparently did not timely file an application for leave to appeal with the Michigan Supreme Court on collateral review, and then waited several more months to file his federal habeas petition. Thus, Jenkins has not shown that he is entitled to equitable tolling based on his placement in segregation.

Second, Jenkins has failed to demonstrate that he is entitled to equitable tolling based upon his physical ailments or his claimed mental health issues. "A petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). "To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id. See also Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010); *Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his [or her] legal rights during the limitations period."). Mental incompetence "might [also] justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance" once obtained. *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

13

Jenkins has not met this standard here.  While he claims to have suffered from physical ailments and mental health problems during the course of his confinement, he has not shown that he was mentally *incompetent* or that his conditions were constant and debilitating in nature during the one-year grace period.  Merely stating that he was mentally ill – without showing that he was mentally incompetent during the relevant time frame – does not warrant equitable tolling.  *See Watkins*, 854 F.3d at 852 ("mental illness is not the same as mental incompetence").  Simply put, Jenkins has failed to establish that he is (or was) mentally incompetent or that his physical or mental health problems impaired his ability to pursue legal proceedings on his own behalf, or with assistance, throughout the entire one-year grace period.

Moreover, as discussed above, Jenkins' claim of physical impairment and/or mental incompetence is belied by the fact that he has been able to file numerous civil rights actions throughout his incarceration (*i.e.*, during the same time period that he claims he suffered from these mental and physical ailments).  Jenkins' filing of these other cases is relevant to whether there is a causal connection between his claimed conditions and his ability to file a timely habeas petition. *See Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005) (rejecting claim of equitable tolling where petitioner, although experiencing "continuing mental health problems," continued to litigate in the state court); *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) ("The exceptional circumstances that would justify equitable tolling on the basis of

14

mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity."); *Jenkins v. Burgess*, No. 1:21-cv-01073, ECF No. 14, PageID.365-366 (W.D. Mich. March 7, 2022) (rejecting Jenkins' similar equitable tolling argument and dismissing equally-late habeas petition as untimely).

Third, the fact that Jenkins may have a limited education, is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (holding *pro se* status is not an extraordinary circumstance justifying equitable tolling); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify equitable tolling).

Finally, to the extent that Jenkins complains about being subject to racial animus, discrimination, or exposure to COVID-19 during the pandemic, he is not entitled to equitable tolling. He does not explain how these actions or conditions precluded him from seeking habeas relief in a timely manner. Furthermore, events or conditions that arose solely after the AEDPA grace period ended, such as the COVID-19 pandemic, would not serve to toll the one-year limitations period because it had already expired. *See Jurado*, 337 F.3d at 641.

15

For all of these reasons, Jenkins has not shown that he is entitled to equitable tolling of AEDPA's limitations period.

## IV

Before Jenkins may appeal, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A court may issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner stated a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Here, reasonable jurists could not debate the correctness of the Court's ruling that Jenkins' habeas petition is untimely. Accordingly, the Court **DENIES** Jenkins a certificate of appealability.

The standard for granting an application for leave to proceed *in forma pauperis* ("IFP") on appeal is not as stringent as the standard for granting a certificate of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds

16

that an appeal is being taken in good faith.  *See id.* at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a).

The Court concludes that Jenkins could take an appeal in good faith here. Jenkins may therefore proceed *in forma pauperis* on appeal.

## V

For all of the reasons explained above the Court **VACATES** the Show Cause Order (ECF No. 5) and **DENIES** Jenkins' petition for writ of habeas corpus (ECF No. 1) because it was not timely filed.  Based on this determination, the Court **DENIES AS MOOT** Jenkins' motion for a temporary restraining order (ECF No. 7).

The Court further **DENIES** Jenkins a certificate of appealability, but it grants him leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN

Dated:  April 25, 2022        UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 25, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

17